**SO ORDERED.**

**SIGNED this 04 day of December, 2006.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF NORTH CAROLINA
### WILMINGTON DIVISION

IN RE:

    RONALD HARLOW KRUSE and
    KAREN LEE KRUSE,

              Debtors.          Case No. 04-7504-8-JRL
                                                     Chapter 7

    ALGERNON L. BUTLER, III, TRUSTEE
    in BANKRUPTCY FOR RONALD HARLOW
    KRUSE and KAREN LEE KRUSE,

              Plaintiff,

vs.                                                       Adversary Proceeding No.:
                                                          06-00236-8-AP

    RONALD HARLOW KRUSE,
    KAREN LEE KRUSE,
    AMTEC FUNDING GROUP, LLC.
    RICHMOND TITLE SERVICES, LP
    d/b/a RICHMOND TITLE SERVICES
    AS TRUSTEE, and
    PLANVIEW DESIGN, INC.,

              Defendants.
_____

### **ORDER**

    This case is before the court on the trustee's motion for a preliminary injunction. On

November 15, 2006, the court conducted a hearing on this matter in Wilmington, North Carolina.

On September 27, 2004, the debtors filed a Chapter 7 petition. On their schedules the debtors listed their residence as 6337 Northshore Drive, Wilmington, North Carolina ("Property"). The market value of the Property was listed as $223,000, which was the price the debtors paid for it that same year. The amount owed on the mortgage was $200,855, and the debtors claimed the N.C. Gen. Stat. § 1C-1601(a)(1) exemption of $20,000.

On October 5, 2006, the debtors' Chapter 7 trustee filed this adversary proceeding against the debtors; Amtec Funding Group, LLC ("Amtec"); Richmond Title Services, LP as trustee under the deed of trust; and Planview Design, Inc ("Planview"). The trustee alleges, among other things, that around May 18, 2006, the debtors executed a promissory note pursuant to which they borrowed $315,000 from Amtec. That same day, the debtors executed a deed of trust secured by the Property in favor of Amtec as lender and Richmond Title Services, LP as trustee. The trustee contends that at the time of the execution, delivery, and recordation of the deed of trust, the Property and the interests of the debtors therein were property of the bankruptcy estate. Therefore, the trustee asserts that the proceeds received by the debtors pursuant to the promissory note were property of the estate.

At the hearing on this matter, Mr. Kruse admitted to refinancing the Property. He asserted the he did not know the trustee had any interest in the Property and thought he was free to refinance it. The proceeds were reportedly used to pay off the existing mortgage, some debts, closing costs, as well as fund the growth of the debtors' new business, Planview. The debtors have only $19,000 of the proceeds remaining. This money was placed in the trust account of the debtors' attorney pursuant to a consent order dated October 17, 2006.  The debtors are no longer living at the Property and are in

the process of trying to sell it. However, they are currently paying the expenses to maintain the Property.

In the complaint, the trustee seeks avoidance and recovery of the post-petition transfer, a determination of the interest in property and violation of the automatic stay, damages for violation of the automatic stay, and turnover of the property. The trustee also seeks a preliminary injunction prohibiting the debtors and Planview from further transferring, dissipating, or otherwise disposing of the $19,000. In determining whether a preliminary injunction is appropriate, the court must consider four factors: the likelihood that the plaintiff will prevail on the merits, the likelihood of irreparable harm to the plaintiff if the injunction is denied, the likelihood of harm to the defendant if the relief is granted, and the public interest. Virginia Carolina Tools, Inc. v. International Tool Supply, 984 F.2d 113, 119-20 (4th Cir. 1993). The second and third factors are the most important. Id. at 120.

In this case, it is clear that the proceeds from the refinancing are property of the estate as a matter of law. 11 U.S.C. § 541(a)(6). The only issue at trial is whether the defenses of laches or estoppel bar the trustee's claim. Therefore, the likelihood of the plaintiff prevailing on the merits weighs in favor of the trustee. As to the second factor, if the injunction is denied, testimony suggests that the $19,000 will be used to further expand Planview. Aside from the $19,000, the debtors and Planview have no other resources that could be used to satisfy a judgment against them. Thus, the trustee would suffer irreparable harm if the debtors were allowed to dissipate the proceeds prior to a trial. In regards to the third factor, the debtors reportedly are able to make their monthly expenses, except for the house payments which they have been taking money out of Planview to help fund.

In considering all four factors, the court finds that a preliminary injunction is appropriate. Even

so, the debtors are no longer living in the residence, the Property is property of the estate, and the trustee intends to sell it. To require the debtors to pay the mortgage, taxes, insurance, and electricity on Property out of post-petition funds, which are not property of the estate, is unreasonable. Therefore, the court grants the preliminary injunction and orders the $19,000 to remain in the trust account of the debtors' attorney. However, when the mortgage, taxes, insurance, and electric expenses become due, the debtors' attorney will release the appropriate amount to the debtors to make the payments *or* the debtors' attorney will make the payments directly.

"END OF DOCUMENT"